UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL ATKINS,

     Plaintiff,

v.

CATHI HARRIS, *et al.*,

     Defendants.

No. C09-5625 BHS/KLS

ORDER TO AMEND OR SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis.* Plaintiff is a resident at the Special Commitment Center (SCC). The case is before the Court upon review of Plaintiff's complaint.

**DISCUSSION**

The court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" upon which relief may be granted. *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, s 1357 at 593 (1969)); see also *Sparling v. Hoffman Construction Co. Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (court may sua sponte

ORDER TO AMEND OR SHOW CAUSE- 1

invoke Fed. R. Civ. P. 12(b)(6) to dismiss deficient complaint); *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979).

The court must give a plaintiff both "notice of its intention to dismiss" and "some opportunity to respond," however, unless plaintiff "cannot possibly win relief." *Sparling*, 864 F.2d at 638 (quoting *Wong*, 642 F.2d at 362)). Accordingly, while the Court finds that dismissal of Mr. Hopkins' complaint under Fed. R. Civ. P. 12(b)(6) is proper for the reasons set forth below, the Court is issuing this order to show cause in order to give Mr. Hopkins an opportunity to file a response.

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 540 U.S. 544, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the

ORDER TO AMEND OR SHOW CAUSE- 2

opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

To the extent that Plaintiff purports to state a claim for interference with his First Amendment rights, he has failed to state a claim and he must show why his complaint should not be dismissed.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

A Section 1983 plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of respondeat superior is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

In order to establish a First Amendment violation, a plaintiff must show that the defendant or defendants burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith. *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997). In order to reach the level of a constitutional violation, the interference with one's practice of religion must be more than an inconvenience; the burden must be substantial and an interference

ORDER TO AMEND OR SHOW CAUSE- 3

with a tenet or belief that is central to religious doctrine. *Freeman*, 125 F.3d at 737 (citing *Graham v. C.I.R.*, 822 F.2d 844, 851 (9th Cir. 1987)).

Under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, the inmate "bears the initial burden of going forward with evidence to demonstrate a prima facie claim" that the challenged state action constitutes "a substantial burden on the exercise of his religious beliefs." *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005). To be considered a "substantial burden," the challenged state action "must impose a significantly great restriction or onus upon such exercise." *Id.* at 995.

RLUIPA does not define what constitutes a "substantial burden" on religious exercise. *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir.2004). However, the Ninth Circuit has explained that in order for a regulation to impose a "substantial burden," the regulation "must be 'oppressive' to a 'significantly great' extent. That is, a 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." *Id.*

In this case, Mr. Atkins alleges that he is a Muslim, that he completed a religious preference form, that he is obligated to fast during the month of Ramadan, that he has fasted during the month of Ramadan at SCC before, and that as a Muslim he must eat a morning meal (known as Suhor) before dawn during the month of Ramadan. Dkt. 1, p. 2. Mr. Atkins further alleges that was provided a morning meal for 25 days during Ramadan this year at the SCC, but for Ramadan starting on August 22, 2009, he was denied the morning meal. *Id.*, p. 2.

It is unclear from Mr. Atkins' complaint whether he is claiming that he was denied his morning meal only on August 22, 2009 or during the entire month of Ramadan, because he states that he received the morning meal for 25 days in 2009. Dkt. 1, p. 2. As explained above, "[i]n

ORDER TO AMEND OR SHOW CAUSE- 4

order to reach the level of a constitutional violation, the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine." ' *Freeman*, 125 F.3d at 737 (quoting Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir.1987)).

Because Mr. Atkins' pleading is unclear, the court is unable to determine whether the lack of a morning meal was a temporary problem that did not constitute a substantial burden on the exercise of his religious rights and/or whether any of the named defendants acted intentionally to burden the practice of plaintiff's religion or if the issue regarding the lack of a morning meal was, at most, a mistake, which does not give rise to the level of a constitutional violation.

Mr. Atkins purports to sue Gregory L. Duncan, the chaplain at SCC, and Paul Tempostly, the food manager at SCC, but has included no factual allegations upon which it may be determined that either of these individuals violated any of Mr. Atkins' constitutional rights. Similarly, Mr. Atkins has included Cathi Harris, the associate superintendent at SCC, but fails to include any factual allegations as to her conduct. As noted above, a defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell*, 436 U.S. 658, 694 n.58 (1978). Mr. Atkins must include factual allegations setting forth who, when and in what manner each named defendant allegedly violated his constitutional rights.

Due to the deficiencies described above, the Court will not serve the complaint. Mr. Atkins may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **December 11, 2009.** If Mr. Atkins chooses to file an amended complaint, which seeks relief cognizable under 42 U.S.C.

ORDER TO AMEND OR SHOW CAUSE- 5

§ 1983, his amended complaint shall consist of a short and plain statement showing that he is entitled to relief, and he must allege with specificity the following:

    (1)    the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

    (2)    the dates on which the conduct of each Defendant allegedly took place; and

    (3)    the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs. The amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint. Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "First Amended Complaint" and Cause Number C09-5625 BHS/KLS must be written in the caption. Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on each named Defendant.

Plaintiff is cautioned that if an amended complaint is not timely filed or if Plaintiff fails to adequately address the issues raised herein on or before **December 11, 2009**, the Court will recommend dismissal of this action as frivolous.

The Clerk is directed to send Plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.

The Clerk is directed to send Plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the

ORDER TO AMEND OR SHOW CAUSE- 6

General Order to Plaintiff.

**DATED** this   10th   day of November, 2009.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 7